**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALBERT JAMES WATTS,

        Plaintiff,

vs.                                        Case No.  3:06-cv-217-J-25MCR

WATSON REALTY,

        Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint (Doc. 1) and Affidavit of Indigency (Doc. 2), which the Court construes as a Motion to Proceed *In Forma Pauperis*. Upon review, it appears Plaintiff may have sufficient assets to pay the required filing fee.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant *in forma pauperis* status is discretionary (Pace v. Evans, 709 F.2d 1428 (11th Cir. 1983)) and should be "bestowed only upon those who are truly indigent." Antonelli v. Bureau of Alcohol, Tobacco and Firearms, 1985 WL 1613 at *1 (N.D. Ill. 1985). Here, Plaintiff's Affidavit of Indigency reveals that he receives a monthly income of $548.00, owns an automobile that appears to be paid for in full, and has approximately $1,000,000.00 worth of assets in real estate. (Doc. 2, pp. 2-4). Accordingly, the Court is considering entering a report and recommendation that will suggest Plaintiff's request to proceed *in forma pauperis* be denied. However,

before doing so, Plaintiff will be provided an opportunity to furnish any additional information or arguments bearing on the issue.

When an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2).

An *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are "clearly baseless" or the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). In reviewing the Complaint, the undersigned applied "the liberal construction to which *pro se* pleadings are entitled." Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute for establishing a cause of action. See GJR Investments, Inc. v. County of Escambia Florida, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiff's Complaint sets forth no identifiable claim or ground for relief against any defendant. Plaintiff does not set forth a factual basis for the suit, nor are any legal grounds apparent. To the extent Plaintiff is attempting to sue Watson Realty for money damages, Plaintiff must set forth a legal basis for liability.

Although the Court cannot discern any factual or legal basis for this suit, the Complaint may be susceptible to amendment. Accordingly, Plaintiff will be provided an opportunity to file an amended complaint.

The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the original filings.  Plaintiff is reminded that federal courts are courts of limited jurisdiction and his amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends."  Fed. R. Civ. P. 8(a)(1).  Plaintiff must specify in the caption of his amended complaint all of the defendants he seeks to include in this action, and must properly and completely identify each defendant.  If any named defendant is a governmental agency, it must be properly identified as such.  Plaintiff must also set forth with specificity the nature of his causes of action and how each named defendant is involved in the alleged wrongdoing.  Plaintiff is further advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "all averments of claim or defense shall be made in <u>numbered paragraphs</u>, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...."  Finally, Fed. R. Civ. P. 8(a)(3) requires a complaint to include "a demand for judgment for the relief the pleader seeks."

The Clerk is directed to furnish Plaintiff with a Step-By-Step Guide to Filing a Civil Action in the United States District Court Jacksonville/Ocala Divisions. Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov or may be obtained from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff shall provide financial information and file the amended complaint no later than **Friday, April 21, 2006**. In the meantime, the Request will be taken under advisement. Failure to respond will result in the undersigned entering a report and recommendation to deny Plaintiff's request to proceed *in forma pauperis*. In lieu of responding, Plaintiff is free to pay the required filing fee.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  6th  day of April, 2006.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff